UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:97-CR-00020-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| ANTONIO SADLER | ) | |
| Defendant | ) | |

This matter is before the court on defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

This statute permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Under this policy statement, a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable range" due to "the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A)(ii).

Here, defendant relies on the recent guideline amendment relating to the offense level for crack cocaine offenses, Amendment 706. Defendant was convicted of crack cocaine offenses, that is, possession with intent to distribute crack and aiding and abetting, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and conspiracy to possess with intent to deliver crack in violation of 21 U.S.C. § 846. Defendant was also convicted of a number of firearms-related offenses, robbery, and conspiracy.

Pursuant to U.S.S.G. § 3D1.2, the court, without objection from defendant, grouped the counts without mandatory consecutive sentences and determined defendant's offense level by reference to the guideline applicable for first degree murder, that is § 2A1.1.[1] The court did not rely on the guideline for determining the offense level of possession of a controlled substance (or conspiracy to possess), U.S.S.G. § 2D1.1, which Amendment 706 affected. Amendment 706 does not have any effect on the first degree murder guideline pursuant to which the court determined defendant's offense level, and therefore, does not have the effect of lowering defendant's guideline range. Under such circumstances, the court does not have the authority to reduce defendant's sentence. See United States v. Derry, No. 3:97CR48, 2009 WL 2355670, *3 (D. Conn. July 28, 2009) (holding the defendant was not entitled to a sentence reduction where, due to grouping rules, his combined offense level was lowered but his sentencing range remained the same).

To the extent defendant requests relief pursuant to guideline Amendments 599 and 709, he is not entitled to relief under those amendments either.

> [A]mendment [599] modifies Application Note 2 ("Note 2") to U.S.S.G. § 2K2.4, which governs sentencing for § 924(c) offenses. As is relevant here, Amendment 599 modified Note 2 to include the following language:
> > If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

---

[1] Although defendant was not convicted of first degree murder, the guideline applicable to the conspiracy and robbery counts requires that the first degree murder guideline apply if a victim was killed under circumstances which would constitute first degree murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States. See U.S.S.G. § 2B3.1(c)(1). A victim was killed under these circumstances in this case.

2

> A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . .
> If the explosive or weapon that was possessed . . . in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under . . . § 2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by th[at] enhancement[ ] because of the relatedness of that conduct to the conduct that forms the basis for the conviction under . . . § 924(c). . . . For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(5) would not apply.

United States v. Goines, 357 F.3d 469, 471-72 (4th Cir. 2004) (quoting U.S.S.G. App. C, Amend. 599) (most alterations in original).

Although defendant was convicted of two counts of violating 18 U.S.C. § 924(c), the court did not apply any firearm enhancement pursuant to U.S.S.G. § 2K2.1 or otherwise. Therefore, Amendment 599 has no bearing on defendant's sentence.

Amendment 709 became effective in 2007 and is not retroactive, see U.S.S.G. App. C, Amend. 709 (providing effective date); U.S.S.G. § 1B1.10(c) (listing amendments which are to be applied retroactively), and thus, defendant, who was sentenced in 1998, is not entitled to a sentence reduction on this basis.

3

Case 4:97-cr-00020-BR   Document 130   Filed 12/13/10   Page 3 of 4

The motion for a sentence reduction is DENIED.

This 13 December 2010.

                                            W. Earl Britt
                                            Senior U.S. District Judge